287 F.2d 35
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
MASTERS-LAKE SUCCESS, INC., and Metal, Plastic, Miscellaneous Sales, Novelty and Production Workers, Local No. 222, Independent, Respondents.
 No. 199.
 Docket 26561.
 United States Court of Appeals Second Circuit.
 Argued January 10, 1961.
 Decided February 15, 1961.
 
 Allan I. Mendelsohn, Atty., National Labor Relations Board, Washington, D. C. (Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Melvin J. Welles, Atty., National Labor Relations Board, Washington, D. C., on the brief), for petitioner.
 Bernard H. Fitzpatrick, of Butler, Fitzpatrick & DeSio, New York City, for respondent employer.
 Murray A. Frank, Brooklyn, N. Y., for respondent union.
 Before CLARK, WATERMAN, and MOORE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Under a collective bargaining agreement with Masters, Inc., respondent union was recognized as the sole collective bargaining agent for Masters, Inc.'s employees at its midtown New York department store. The agreement, which contained a union security clause, by its terms applied also to any new store opened by Masters, Inc., in the "Metropolitan area." In the fall of 1957, Masters, Inc., incorporated the respondent employer, Masters-Lake Success, Inc., for the purpose of opening a branch store at Lake Success. At the request of the respondent union the respondent employer treated the collective bargaining agreement as applicable to the new store. Thus, during the hiring process and before the Lake Success store was open, the employer accepted the union as the sole and exclusive bargaining agent at the new store. The Board determined that the Lake Success store was a new bargaining unit, rather than an accretion to the downtown store, and held that recognition of the union as exclusive agent before it had a majority of employees resulted in violations of § 8(a) (1), (2), and (3) and § 8(b) (1) (A) and (2) of the National Labor Relations Act, as amended, 29 U.S.C. § 158(a) (1), (2), and (3) and § 158(b) (1) (A) and (2). 124 N.L.R.B. No. 73. The Board's action in thus permitting a new group of employees at a new store to choose freely a bargaining representative is fully in accord with the policy of § 7 of the Act, 29 U.S.C. § 157, and is a valid exercise of the Board's wide discretion in determining the appropriate bargaining unit. Accordingly, the Board's order, in so far as it brings to an end the unfair labor practices resulting from application of the agreement to the new store, will be enforced.
 
 
 2
 We think the order should be modified, however, to eliminate the provisions requiring respondents jointly and severally to reimburse the Lake Success employees for initiation fees, dues, and other moneys paid to respondent union. The respondents acted in good faith in treating the Lake Success store as an accretion to the midtown store, and there is no evidence that the unfair labor practices actually coerced the employees into joining respondent union rather than some other union. In these circumstances, application of the Brown-Olds remedy is unduly harsh. See Building Material Teamsters, Local 282, International Broth. of Teamsters, Chauffeurs, Warehousemen & Helpers of America v. N. L. R. B., 2 Cir., 275 F.2d 909, and cases there cited.
 
 
 3
 The employer's motion to dismiss based on alleged indefiniteness of the charge is denied.
 
 
 4
 Order modified and enforced as modified; motion to dismiss denied.